# B. M. Egbert, Defendant in Error, v. Bert Morrison, Plaintiff in Error.

Justice of the Peace—*what confers jurisdiction.*     Even though no valid service has been had the appearance of the defendant without objection waives jurisdiction.

Error to the Circuit Court of Clark county; the Hon. M. W. Thompson, Judge, presiding.     Heard in this court at the May term, 1910. Affirmed.     Opinion filed October 14, 1911.     Rehearing denied December 7, 1911.

John J. Arney, for plaintiff in error.

Davison & Bartlett, for defendant in error.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

This is an action brought by plaintiff against defendant to recover the purchase price of iron pipe and tanks sold by plaintiff to defendant.

Plaintiff had been employed by Parker, Culberson and Company; claiming that they owed him for wages, he brought suit in attachment against them.  All the members of this partnership resided in the state of Pennsylvania; a summons was issued but no service was had upon any of the members of Parker, Culberson and Company.  They were, however, notified by the constable by mail of the issuance of this summons and the commencement of the action.  Parker, one of the members of the firm, in response to the letter sent by the constable, came on to Clark county and was present on the return day of the summons.  He appeared before the justice of the peace, and by consent of the parties the cause was continued, with the understanding that during the time of continuance

which had been agreed upon Parker, Culberson and Company was to send plaintiff a check for the amount of the wages due him; this they did not do. At the time set for trial, the justice's docket shows that the parties appeared and the record discloses that Parker was present representing the firm of Parker, Culberson and Company. This gave the court jurisdiction and it was immaterial whether or not any summons was ever issued or ever served on defendant. Upon the judgment rendered by the justice of the peace an execution was issued and levied upon the property of Parker, Culberson and Company. The property was advertised for sale by the constable and at that sale the plaintiff in this case bought the property. He took possession of the property under the sale and afterwards sold and delivered it to the defendant herein. After the sale and delivery, defendant herein was notified by Parker, Culberson and Company that there was no valid judgment and the sale under which plaintiff claimed the property was void, that the property belonged to them. After this there was a pretended sale of the property by Parker, Culberson and Company to Barnsdall and Hayes. Defendant claims to have purchased the property from Barnsdall and Hayes, and to defeat this action relies wholly upon the contention that the justice court had no jurisdiction of Parker, Culberson and Company and the judgment rendered by him is void. The appearance of Parker who was a member of the firm of Parker, Culberson and Company, gave the court jurisdiction of that firm and the judgment rendered by the justice is not void. The evidence in this record shows jurisdiction both of the subject-matter and of the persons in the action before the justice of the peace. Even had the judgment been void, defendant cannot be permitted to retain the property and by reason of the purchase of an outstanding claim thereon defeat plaintiff's action upon his contention that the judgment

was void and that he was not liable for the purchase of the property from plaintiff by reason thereof; before he could do that, the law requires that he should return the property to the plaintiff. This he did not do, and he cannot be permitted to defeat this action on failure to do so.

Certain propositions of law were submitted to the court and it is insisted by the plaintiff in error that the court erred in holding these propositions of law. We find, upon examination, that the propositions are substantially correct and that no reversible error exists in this record.

The judgment is affirmed.

*Affirmed.*